David Zugman
Burcham & Zugman, a Law Partnership
402 West Broadway, Suite 1130
San Diego, California 92101
Telephone: 619-699-5931
Facsimile: 619-699-5932
dzugman@gmail.com

For Anthony Duane Bell, Sr.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-cr-02887-WQH |
| Plaintiff, | Joint Reply of the Bells to In Limine Motions of the United States |
| v. | Motion Hearing Set: 6/12/23 at 2:00 p.m. before District Judge William Q. Hayes |
| ANTHONY DUANE BELL, SR., | |
| Defendant. | Trial Set: 6/26/2023 9:00 a.m. in Courtroom 14B before District Judge William Q. Hayes. |
| | Courtroom: 14B |

To: Randy S. Grossman, Jr., United States Attorney, Blanca Quintero, Christopher M. Alexander, and Valerie H. Chu, Assistant United States Attorney:

The Bells file this joint reply pursuant to the Court's scheduling order. ECF 168.

The Bells will address the arguments in the order presented by the Government. ECF 173.

The Bells also concede that the Ninth Circuit's decision today in *United States v.*

*Walker*, 21-10364, at *25 (9th Circuit May 30, 2023),[1] rejects the Sixth Amendment Speedy Trial Clause claim against the coronavirus shutdowns.

I.  **Replies**

   1.   The remote depositions

This matter has been disposed of by the joint motion of the parties. The United States will provide the testimony via video. ECF 178.

   2.   Admit expert testimony

The United States' expert disclosure letter disclaims that it is an expert disclosure letter. (*See* ECF 173-1 p. 2).

> Please find attached notification of the testimony of Stephen Quindoza. As stated therein, in sending this notice, the United States does not contend or concede that the testimony qualifies as expert testimony under Federal Rule of Evidence 702, 703, or 705, or implicates the disclosure requirements of Federal Rule of Criminal Procedure 16(a)(1)(G), Federal Rule of Evidence 702, or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The anticipated testimony is non-expert factual testimony based on Mr. Quindoza's experience and employment. Please note that the United States may choose not to attempt to elicit all of the testimony outlined in this notice. If Mr. Quindoza is not available to testify on the trial date, the United States may seek to call another witness with similar qualifications and experience, to testify concerning similar topics as those described in the notice.

At best, the United States did not give notice until in limine motions. Why the United States decided to disclose in the way that it did is not clear. The Bells ask the Court to find that expert notice is late and should not be done via a motion in limine. They ask the Court to disallow the expert testimony. ECF 171 at 9.

---

[1] Available here: https://cdn.ca9.uscourts.gov/datastore/opinions/2023/05/30/21-10364.pdf.

### 3. Allow admissible testimony

The Bells do not object to the United States' general description of the evidence it intends to elicit from its witnesses. The defense has no objection to the per se admission of lay opinion testimony, the Court, in its gatekeeper role, should set reasonable parameters within the scope of the cited authorities. The Bells reserve their right to object to this testimony as it actually comes in which may differ from how the United States intends.

### 4. 404(b) evidence

The United States asks for permission to adduce evidence about a genetic testing program that it asserts is either inextricably intertwined or is relevant 404(b) evidence. ECF 173 at 11. The Bells disagree. First, to the extent it is section 404(b), it is unnoticed. *See United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999).

The genetic testing evidence with Epstein is not "inextricably intertwined" in the sense that the United States will suffer no loss of explanation of its medical braces prosecution if it is not allowed to sidetrack into uncharged conduct. *United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016), does say that uncharged transactions can come in when they demonstrate a fraudulent scheme. *Id.* at 1178 ("We also make clear these holdings apply only when the charged and uncharged transactions can fairly be characterized as parts of a single fraudulent scheme.") (citation omitted).

In the Bells case, the would-be fraudulent schemes are different in that genetic

testing does not involve durable medical equipment, and the indictment specifies that it is focused on durable medical equipment. ECF 1, ¶23(b). As detailed in the Bell's motions, there are already nearly three dozen counts that the jury must deal with. The Epstein evidence represents an unnecessary detour that has the possibility of confusing the jury.

5. Government's Motion to Admit Evidence under FRE 404(b) (BELL Jr.)

This motion is reciprocal to Defendant BELL JR.'s In Limine Motion No. 172 and the legal authorities cited therein are incorporated by reference. Evidence of a false statement in the application for PPP loans does not bear on whether the Defendant committed frauds or made false statements in the underlying case. Its only relevance is to prove that his character is that of a liar, and under FRE 403, the probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.

6. Government Motion to Admit Certified Business and Public Records

The defense has no objection to this request.

7. Admit Summaries of Voluminous Records under FRE 1006

So long as an adequate foundation is laid at trial, the defense has no objection to this request. The defense will, of course, lodge contemporaneous objections.

8. Government Motion to Admit Recordings

So long as an adequate foundation is laid at trial, the defense has no objection to this request. The defense will, of course, lodge contemporaneous objections.

9. Cell phone download

To the extent the United States wants to use Cellebrite data, it cannot introduce Cellebrite evidence through a non-percipient witness. How and why Cellebrite technology works is not within the layperson's knowledge. *United States v. Ganier*, 468 F.3d 920, 926 (6th Cir. 2006) (interpreting a Cellebrite report for the jury requires the witness "to apply knowledge and familiarity with computers and the particular forensic software well beyond that of the average layperson.")

The Bells do not take issue with the United States' description of authenticity under Federal Rule of Evidence 902(14).

10. Government Motion to Preclude Inadmissible Hearsay

The defense has no objection to this request. It is unclear why a motion must be brought to keep out what is not admissible.

11. Statements in the Joint Trial

The Bells believe that the statements are not admissible for the reasons set out in ECF 171.

12. Admonishments

The Bells have not filed anything of that nature in some time. Their behavior in court has been respectful and appropriate. This motion is unnecessary and a little unfair.

13. Government Motion to Preclude Defense Experts

There are no experts to exclude.

14. Government's Motion to Preclude All Witnesses Except Case Agent

The defense has no objection to this request.

15. Government's Motion for Reciprocal Discovery

As of this writing, the evidence that Defense intends to offer has been disclosed by the United States in discovery or is impeachment evidence.

**II.  Conclusion**

The Bells ask the Court to deny the motions that the Bells opposed.

                                                Respectfully submitted,

Dated: 5/30/2023                   s/David Zugman
                                           DAVID J. ZUGMAN
                                           Attorney for Bell Senior

Dated: 5/30/2023                   s/Keith Rutman
                                           DAVID J. ZUGMAN
                                           Attorney for Bell Junior