United States v. ANTHONY DUANE BELL, SR., Case No. 20CR2887-WQH

FINANCIAL ADDENDUM

1. Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A.   Forfeiture

i.   In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States any property, real or personal, which constitutes or are derived, from proceeds traceable to violations of Title 18, United States Code, Section 1349 (Conspiracy to Commit Wire/Mail Fraud and Health Care Fraud); and Title 18, United States Code, Section 1347 (Health Care Fraud); and Title 42, United States Code, Section 1320-7b(b)(2)(A) (Anti-Kickback Statute).

ii.   As part of Defendant's guilty plea to Count 3 of the Indictment, as set forth in section I of the plea agreement, Defendant consents to the forfeiture allegations of the Indictment and agrees to forfeit all properties seized in connection with the case, including, but not limited to:

> a. $536,422.59 in funds from Acct # 6278570285 held in the name of Universal Medical Solutions LLC at Wells Fargo bank;
>
> b. $269,952.56 in funds from Acct # 6278570293 held in the name of Universal Medical Solutions LLC at Wells Fargo bank;

Financial Addendum

Def. Initials

20CR2887-WOH

c. Real property located at 5034 Bluff Place, El Cajon, California 92020 including all appurtenances, improvements, and attachments thereon, more particularly described as:

APN: 493-400-57-00

PARCEL A:

PARCEL 4 OF PARCEL MAP NO. 1155, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, DECEMBER 14, 1972, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, BEING A PORTION OF TRACT "A" OF RANCHO EL CAJON, AND BEING IN SECTION 14, TOWNSHIP 16 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN.

PARCEL B:

AN EASEMENT AND RIGHT OF WAY FOR GENERAL ROAD PURPOSES OVER THE SOUTH 20 FEET OF THE FOLLOWING DESCRIBED LAND:

THAT PORTION OF LOT "A" OF THE RANCHO EL CAJON, BEING ALSO A PORTION OF SECTION 14, TOWNSHIP 16 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTH LINE OF SAID SECTION 14, DISTANT THEREON SOUTH 89° 17' EAST, 653 FEET FROM THE QUARTER CORNER OF THAT SAID SOUTH LINE OF SAID SECTION 14; THENCE SOUTH 89° 17' EAST ALONG THE SAID SOUTH LINE OF SAID SECTION 14,210 FEET; THENCE NORTH 0° 06' WEST PARALLEL WITH THAT LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 14, 550 FEET TO THE SOUTHEAST CORNER OF THE LAND CONVEYED TO ROBERT LIVESEY AND LETHA M. LIVESEY, BY DEED DATED MARCH 1, 1927, RECORDED IN BOOK 1340, PAGE 124 OF DEEDS, RECORDS OF SAN DIEGO COUNTY; THENCE NORTH 89° 17' WEST ALONG THE SOUTH LINE OF THE LAND SO CONVEYED TO SAID LIVESEY, 210 FEET TO THE SOUTHWEST COMER OF SAID LIVESEYS' LAND; THENCE SOUTH 0° 06' EAST, 550 FEET TO THE POINT OF BEGINNING.

PARCEL C:

AN EASEMENT AND RIGHT OF WAY FOR INGRESS AND EGRESS OVER THE WEST 30 FEET OF LOT 35 OF HORIZON HILLS ESTATES UNIT NO. 1, IN THE COUNTY OF SAN DIEGO STATE OF CALIFORNIA,

1    ACCORDING TO MAP THEREOF NO. 3658, FILED IN THE OFFICE OF
     THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 5, 1957.

2    Defendant also agrees to also forfeit, via entry of a personal money

3    judgment against Defendant equal to the amount of gross proceeds trace-

4    able to the commission of the offenses, up to $21,725,604.56.

5         iii. The money judgment against Defendant represents monies

6    subject to forfeiture to the United States as proceeds of illegal con-

7    duct in violation of 18 U.S.C. § 1347 and is subject to forfeiture to

8    the United States pursuant to 18 U.S.C. § 981 (a)(1)(C), 982(a)(7) and

9    Title 28, United States Code, Section 2461(c).

10        In addition, Defendant owns all the property in paragraph

11   A.ii and admits such property represents proceeds of the crime and is

12   subject to forfeiture to the United States pursuant to 18 U.S.C. § 981

13   (a)(1)(C), 982(a)(7) and Title 28, United States Code, Section 2461(c).

14   Defendant further agrees that the conditions for the substitution of

15   assets for the full amount of the money judgment as set forth in 18

16   U.S.C. § 982(b) which incorporates 21 U.S.C. § 853(p) exist, and the

17   United States may execute and collect the judgment against any and all

18   other property up to the full amount of the forfeiture judgment.

19        iv. Defendant consents and agrees to the immediate entry of

20   a preliminary order of forfeiture upon entry of the guilty plea. De-

21   fendant agrees that upon entry of the preliminary order of forfeiture,

22   such order shall be final as to Defendant and as to Defendant's inter-

23   ests in the properties. Defendant agrees to immediately withdraw any

24   claims in pending administrative or civil forfeiture proceedings to

25   properties seized in connection with this case that are directly or

26   indirectly related to the criminal conduct. Defendant agrees to execute

27   all documents requested by the Government to facilitate or complete the

28

Financial Addendum                    3              Def. Initials _____

1  forfeiture process. Defendant further agrees not to contest, or to
2  assist any other person or entity in contesting, the forfeiture of
3  property seized in connection with this case. Contesting or assisting
4  others in contesting the forfeiture shall constitute a material breach
5  of the plea agreement, relieving the Government of all its obligations
6  under the agreement including but not limited to its agreement to rec-
7  ommend an adjustment for Acceptance of Responsibility. Defendant agrees
8  that the criminal forfeiture money judgment imposed by the Court will
9  be (i) subject to immediate enforcement, and (ii) submitted to the
10 Treasury Offset Program so that any federal payment or transfer of
11 returned property the Defendant receives may be offset and applied to
12 the outstanding balance on the forfeiture judgment.  Defendant waives
13 all notices with respect to the Treasury Offset Program and waives all
14 rights to contest any and all offsets. Defendant waives all demand for
15 payment of the forfeiture judgment and waives all notices for substi-
16 tution of property to collect the full amount of the judgment.

17        v.   Defendant consents and agrees to the entry of orders of
18 forfeiture for such property and waives the requirements of Federal
19 Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the
20 forfeiture in the charging instrument, announcement of the forfeiture
21 at sentencing, and incorporation of the forfeiture in the judgment.
22 Defendant understands that the forfeiture of assets is part of the
23 sentence that may be imposed in this case and waives any failure by the
24 Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the
25 time the Court accepts the guilty plea(s).

26        vi.  Defendant agrees to take all steps as requested by the
27 United States to pass clear title to forfeitable assets to the United

28

Financial Addendum                    4                    Def. Initials

20CR2887-WQH

1  States and to testify truthfully in any judicial forfeiture proceeding.

2       vii. Defendant agrees that the forfeiture provisions of this
3  plea agreement are intended to, and will, survive defendant, notwith-
4  standing the abatement of any underlying criminal conviction after the
5  execution of this agreement. The forfeitability of any particular prop-
6  erty pursuant to this agreement shall be determined as if defendant had
7  survived, and that determination shall be binding upon defendant's
8  heirs, successors and assigns until the agreed forfeiture, including
9  any agreed money judgment amount, is collected in full.

10      viii.  Defendant acknowledges and agrees that the forfeiture
11 in this case includes entry of a personal money judgment against
12 Defendant, and that interest shall accrue on the judgment from the date
13 of entry of the Order of Forfeiture in accordance with 18 U.S.C.
14 § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United
15 States may take all actions available to it to collect the full amount
16 of the judgment, including enforcement of the judgment against
17 substitute assets as provided in 21 U.S.C. § 853(p) and actions
18 available under the Federal Debt Collections Procedure Act.  Defendant
19 further agrees that the judgment may be executed against property
20 wherever it is held and it waives all rights to contest the enforcement
21 of the judgment.  Defendant consents to the entry of the forfeiture
22 judgment into the Treasury Offset Program and  waives all notices of
23 the Treasury Offset Program and all notices of offset.

24      B.   Restitution

25      i.   The crime to which Defendant is pleading guilty requires
26 an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant

27

28

Financial Addendum                        5                    Def. Initials _____

20CR2887-WQH

make mandatory restitution to the victim(s) of the offense of conviction or the estate(s) of the victims(s).

ii.   The amount of restitution ordered by the Court shall include restitution to any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges.

iii. The parties estimate the amount of restitution will be $21,725,604.56.   Defendant understands that this is only an estimate based on currently available information, and the Court may impose restitution of any amount. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea.   The defendant also agrees that nothing in this plea agreement or restitution addendum limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office to calculate restitution.

iv.   Defendant agrees that notwithstanding any court order, the restitution is due and payable in full and delinquent until paid in full. Any payment schedule imposed by the Court establishes only a minimum obligation, and does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).   Defendant will make a good faith effort to pay the full restitution.   Defendant further agrees that the restitution judgment may be executed against property wherever it is held and Defendant waives all rights to contest the enforcement

Financial Addendum

6

Def. Initials

20CR2887-WOH

of the judgment against any and all property owned by defendant or in which he has an interest.   Defendant consents to the entry of the restitution judgment into the Treasury Offset Program and  waives all notices of the Treasury Offset Program, all notices of offset, and all rights to contest any and all offsets.

v.   Restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
|---|---|
| [On behalf of Medicare] | $21,725,604.56 |
| Center for Medicare Services | |
| Division of Accounting Operations | |
| 7500 Security Blvd | |
| Mailstop C3-11-03 | |
| Baltimore, MD 21244 | |

The restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court" at the following address: United States District Court, Southern District of California, Office of the Clerk, 333 West Broadway, Suite 420, San Diego, California 92010.

C.   FINE.

i.   Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any fine.   Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

ii.   The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith. Any payment

Financial Addendum                              7                    Def. Initials

20CR2887-WQH

schedule imposed by the Court establishes only a minimum obligation. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the fine. Defendant agrees to entry of the fine into the Treasury Offset Program ("TOP") and waives all notices of TOP and offsets, and waives all rights to contest the TOP offsets.

        iii. The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

        D.    ADDITIONAL TERMS

        i.    Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out, and any restitution or fine ordered pursuant to this agreement, including any claim that the forfeiture, restitution, or fine constitutes an excessive fine or punishment under the United States Constitution.

        ii.   The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from 2019 until the fine and restitution is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization. .

4. Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to September 18, 2020), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since September 18, 2020, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.

iii. From the date this financial addendum is executed until the fine and/or restitution is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer. This obligation covers any interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

iv. Defendant understands that the fine and/or restitution is delinquent until paid in full. Until the fine and/or restitution is paid in full, Defendant shall immediately notify the Asset Recovery

Section, United States Attorney's Office, of any material change in Defendant's financial condition.

v.   Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

****

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

6-27-23
Date

ANTHONY DUANE BELL, SR.
Defendant

6/27/23
Date

DAVID ZUGMAN
Defense Counsel

6/27/23
Date

RANDY S. GROSSMAN
United States Attorney
CHRISTOPHER ALEXANDER
VALERIE H. CHU
Assistant U.S. Attorney

Financial Addendum

10

Def. Initials _____
20CR2887-WOH